The opinion of the Court was delivered by-
Mr. Justice Nott. '
There are no less than ten grounds taken in this case for a new trial, but they may all be comprised in the following :
1st. That the Ordinary is a judicial officer, and therefore not liable for any act done in his official capacity, unless he acts corruptly.
2d. That the act of 1789, under which it is alleged he is liable, does not require that the administration bond should be taken at the time of administration granted; and therefore, if taken at any subsequent period, it is sufficient.
3d. That as the plaintiffs accepted the bond which was taken, and brought suit on it against the administrator and his surety, it was^ a *384 waiver of their right of action against the Ordinary.
4th. That although it did appear that the plaintiffs had sustained a loss by the devastavit of the administrator, yet it did not appear that it happened in consequence of the omission to take the bond at the time of administration granted, and therefore the Ordinary was not liable.
This is, perhaps, the first action of the kind, that has ever been brought in this State, and has been properly stated to be of the first importance, as it regards the interest and character of the defendant; but more important, as it regards the public. It will be a leading case on the subject which it embraces; and in the decision is involved not only the interests of all the Ordinaries throughout the State, but also those of creditors, widows, and orphans. It therefore requires, and has received, all the attention which its importance deserves.
1st. It is admitted that the Ordinary is a judicial officer; and if any doubt has heretofore existed, it has been removed by a decision in the case of the Ordinary of Marion District. It is also admitted, that, by the Common Law, a judicial officer is not liable for any act done in his official capacity, unless he has acted corruptly. But where an act of the Legislature enjoins or prohibits any particular act to be performed by a public officer, for the performance or non-performance of which it is expressly declared he *385 shall be liable to an action, perhaps it is not necessary to inquire whether the act is of a judicial or ministerial character ? And it must be admitted that a judicial officer may have many ministerial duties to perform. The office of Ordinary partakes very much of that mixed character. And surely the taking of an. administration bond is a mere ministerial duty: it requires, no exercise of the judgment; it is a duty positively enjoined by an act of the Legislature, in which he has no discretion, and for the neglect of which, it is expressly declared, he shall be liable to be sued for the damages arising therefrom, by any person interested in the estate. (P. L. 494.) There is no doubt, therefore, that the Ordinary is liable to an action for such a neglect of duty, if the Legislature is competent to make him. so.
—r ... *' S” ma£,iS™í
2d. The next inquiry is, was the Ordinary guilty of such neglect of duty, in not taking the administration bond at the time the administration was granted; or was the taking of it three or four years afterwards, a compliance with the requisitions of the law ? The act is in the following words: “ Every administrator shall, in open Court, when letters of administration are granted to him, take the following oath, or affirmation : [here follows the oath:] and such administrator shall also enter into bond, with good security, to be approved by the Court, in a sum equal to the full value of the estate, with the *386 condition following: [here follows the condition :] which bond shall be made payable, &c. And if the Justices who were present at the time of granting letters of administration, or the Ordinary of the District, as the case may be, shall fail to take bond and security as aforesaid, he shall be liable to be sued for all damages arising from such neglect by any person or persons interested in the estate.” Now although that part of the act which relates immediately to the taking of the bond, .does not, in so many words, say, that it shall be taken at the time administration is granted, yet, when taken in connexion with the preceding and subsequent clauses, it seems to be so necessary an inference, that I could not suppose there would have been two opinions on the subject. The part which relates to the Justices of the County Court is conclusive. It wrill be recollected, that at the time this act was passed, County Courts existed in all the upper Counties in the State. The Judges of those Courts performed the duties of Ordinaries. It was well known that all the Judges of the County Courts could not be present always. Those only, therefore, who were present at the time of granting administration, are made liable for neglecting to take the bond. It follows, then, most conclusively, that they are made liable for not taking it at the time. This construction not only comports with the letter, but with the object and policy of the law; and no case can be more ii- *387 1 us trail ve of that principle, than the one now before us. The estate was sold, and the money, perhaps, wasted, or applied to the use of the administrator before the bond was given; and is it not preposterous to require, that a bond shall be taken for the faithful performance of duties, long after the time the duty has been performed, or the breach committed, which it was intended to prevent? This bond, like every other, could only take effect from the time of delivery. It is prospective in its provision, and cannot be rc?. trospective in its operations. If, therefore, such delay is allowed, the very object of taking security may be defeated, before the bond is entered into. Besides, the Ordinary has no means by which to. compel the administrator to enter into bond after letters of administration are granted. His only security is in withholding the letters of administration until the bond is given.. The bond in question, then, cannot be considered as an administration bond. It might, perhaps, be good, as a bond of indemnity, to the Ordinary, and even that is questionable; but his liability had already attached, and could not be removed by taking the bond afterwards.
3d. This brings me to the third question: to, wit, “ whether the plaintiffs, having accepted of this bond, and brought suit on it against the administrator and his security, was a waiver of their claim upon the. defendant? It may here be remarked, that there was no evidence that. *388 the plaintiffs had accepted of this bond, other than that an action had been brought upon it. But it had been delivered to their guardian by the Ordinary as an administration bond. It appeared fair upon its face, and. it was not known at that time, that it was not genuine. The plaintiffs then also were, and still are, minors, and their interest could not be compromitted by an act of their guardian. The bond was taken by the Ordinary, and not by the plaintiffs or their guardian. Tiie action was brought by his consent, and in his name, and for his benefit. There is nothing, therefore, in that transaction by which' he can be exonerated.
4th. It only remains to consider the fourth and last ground for a new trial. And here it is contended, that the defendant is not liable for neglecting to take an administration bond, but for the damages resulting from such neglect. And it is somewhat triumphantly asked, could he be sued immediately on granting administration, if no bond had been taken ? And if he could not, it is concluded that he is not answerable, unless it be conclusively shown that the damages actually resulted from that emission. But admitting that he was not liable immediately, the conclusion drawn from it does not follow. By omitting to take the bond and security as the law directs, he became security himself, and became liable in the same manner, and to the same extent, as the securities to the administration bond would. *389 have been, had one been taken. They could not have been sued immediately after having entered into the bond; nevertheless they became immediately responsible for any devastavit that the administrator might commit whenever it should happen. The Ordinary incurred the same degree of responsibility; and although it does not clearly appear that the damages sustained by the plaintiffs did actually result from this neglect, the law will presume it, The motion for a new trial, therefore, cannot prevail. But in addition to the motion for a new trial, is one in arrest of judgment, on the following grounds:
1st. That it is not stated in the declaration, that the defendant acted corruptly.
2d. Because the act under which he is sued is not set out with sufficient certainty in the declaration.
The first objection has been substantially answered in considering the motion for a new trial. If the defendant is made liable by the act, whether he acted corruptly or not, such an allegation was unnecessary; even in a criminal case it is sufficient to set out the offence in the words of the act by which it is created.
2d. The second ground is equally untenable; there is but one act on the subject. It was sufficient, therefore, to state, that he acted contrary to the act in such case made and provided generally, as it is stated in the declaration, with *390 out mentioning any particular act. The motion in arrest of judgment, therefore, must also be refused.
GrimlcS, Bay, Johnson, Cheves, and Gantt, J. concurred.
Colcock, J. dissented.